IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| KIRK MARTIN BAGBY | § | |
| v. | § | CIVIL ACTION NO. 6:12cv266 |
| JERRY KARRIKER, ET AL. | § | |

## MEMORANDUM ADOPTING INITIAL REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Kirk Bagby, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. The lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. As defendants, Bagby named Stg. Jerry Karriker, Officer Francine Soukup, counsel substitute Regina Oliver, Warden Todd Foxworth and TDCJ-CID Director Rick Thaler.

Bagby complained that Sgt. Karriker punched him in the eye after Soukup accused him of cursing at her. He stated that Karriker had also written a false disciplinary case on him, and Oliver did not represent him properly or allow him to attend the hearing. He wrote to Foxworth, but never received a response, and Thaler, as director, is in charge of the prison and responsible for what happens there. Bagby stated that Officer Soukup failed to intervene in the incident and did not report it even though she had a duty to do so.

After an evidentiary hearing, the Magistrate Judge issued a Report recommending that all of the Defendants except for Sgt. Karriker be dismissed. The Magistrate Judge stated that Soukup was not Karriker's superior, but rather his subordinate, and could not have ordered him to stop the assault, and in any event, the use of force was so rapid that Soukup could not realistically have

1

intervened even had she been able to. The Magistrate Judge further concluded that a use of force investigation was done on the incident and so Bagby failed to show any harm even if Soukup did fail to report it.

With regard to Oliver, the Magistrate Judge stated that counsel substitutes, in their functions of representing inmates in disciplinary proceedings, are not state actors and thus not amenable to suit under Section 1983. The Magistrate Judge also determined that the fact that Warden Foxworth did not respond to Bagby's letter or take such action as Bagby thought appropriate did not set out a cognizable Section 1983 claim and that Bagby failed to show any personal involvement or implementation of policy by Thaler sufficient to set out a claim under Section 1983.

Bagby filed objections to the Magistrate Judge's Report on October 5, 2012. In his objections, he states that even if Soukup was not required to physically intervene, she must take "some action" upon witnessing an assault. As the Magistrate Judge stated, a use of force investigation was conducted, in which Soukup gave a statement. It is not clear what action Bagby thinks that Soukup was constitutionally required to undertake, nor what harm he suffered by her alleged failure to take this action; a report by her would have triggered a use of force investigation, and such an investigation was in fact carried out. Soukup also gave a statement to the use of force investigators. Bagby has failed to show any basis for liability by Soukup, and his objections in this regard are without merit.

Second, Bagby says that Oliver is "a state non-uniformed employee" who was designated by prison officials to perform certain responsibilities with regard to his disciplinary hearing, but that Oliver breached these duties and denied him due process. The Fifth Circuit has squarely held that counsel substitutes when performing their duties are not "state actors." Banuelos v. McFarland, 41 F.3d 232, 234 (5th Cir. 1995). As such, the Magistrate Judge correctly concluded that Bagby could not maintain a Section 1983 claim against Oliver.

Finally, Bagby contends that Oliver's actions violated TDCJ rules and that "a prison's failure to follow its own procedural rules is an independent violation of due process, even if the rules and

2

regulations provide protection beyond that which is constitutionally required." However, the Fifth Circuit has held that violations of state law, or prison rules and regulations, do not by themselves rise to the level of constitutional violations giving rise to a claim for federal habeas corpus relief. *See* Manning v. Warden, Louisiana State Penitentiary, 786 F.2d 710, 711 (5th Cir.1986); Hernandez v. Estelle, 788 F.2d 1154, 1158 (5th Cir.1986). Although Bagby cites Spaulding v. Collins, 867 F.Supp. 499, 507 (S.D.Tex. 1993) and Ruiz v. Estelle, 503 F.Supp. 1265, 1365 (S.D.Tex. 1980) in support of his claim that violations of prison regulations are independent due process violations, the district courts' holdings in this regard are contrary to more recent Fifth Circuit case law and thus have been effectively overruled. *See also* Stanley v. Foster, 464 F.3d 565, 569 (5th Cir. 2006). Bagby's objections in this regard are without merit.

Bagby did not object to the Magistrate Judge's conclusions concerning Warden Foxworth and TDCJ-CID Director Rick Thaler; accordingly, he is barred from *de novo* review by the district judge of these findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc)*.

The Court has conducted a careful *de novo* review of the Plaintiff's pleadings and testimony and the Initial Report of the Magistrate Judge. Upon such review, the Court has determined that the Initial Report of the Magistrate Judge is correct. It is accordingly

ORDERED that the Initial Report of the Magistrate Judge (docket no. 29) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Plaintiff's claims against the Defendants Francine Soukup, Regina Oliver, Todd Foxworth, and Rick Thaler are hereby DISMISSED with prejudice as frivolous and for failure to state a claim upon which relief may be granted. 28 U.S.C. §1915A. The dismissal of these

claims and parties shall not count as a strike for purposes of 28 U.S.C. §1915(g) unless otherwise ordered by the Court, and shall have no effect upon the Plaintiff's claims against Sgt. Jerry Karriker.

**So ORDERED and SIGNED this 18th day of October, 2012.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**