IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| KIRK MARTIN BAGBY | § | |
| v. | § | CIVIL ACTION NO. 6:12cv266 |
| JERRY KARRIKER, ET AL. | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ORDER OF ADMINISTRATIVE CLOSING

The Plaintiff Kirk Martin Bagby, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. As Defendants, Bagby sued Sgt. Jerry Karriker, TDCJ-CID Director Rick Thaler, Warden Foxworth, Officer Francine Soukup, and counsel substitute Regina Oliver.

All of the defendants except for Karriker have been dismissed. Sgt. Bagby was ordered to answer the lawsuit, and the Attorney General for the State of Texas filed an amicus advisory stating that Bagby has left his employment with the Texas Department of Criminal Justice, Correctional Institutions Division and is now in the United States military. The Attorney General asked that the proceedings against Bagby be stayed under the Soldiers and Sailors Relief Act of 1940. On October 5, 2012, the Magistrate Judge issued a Report recommending that this request be granted and that the lawsuit be administratively closed until such time as it is ready to proceed, when Karriker is no longer in military service or is otherwise in a position where his military service will not materially affect his defense of the lawsuit. *See* 50 U.S.C. App. §501*ff*. Bagby filed objections to this Report on October 24, 2012.

1

In his objections, Bagby contends that the Attorney General has not shown anything that would "materially affect the defendant's military service." He says that Karriker has made himself unavailable to be served by joining the military and this is why Karriker "needs to be served in basic training," a fact which Bagby says "does not render him effectively unable to answer the court order or to communicate with counsel and to attend hearings in this matter."

Bagby goes on to assert that it would not be an abuse of discretion for the Court to order Karriker to answer or to serve him with process. He states that the Court should order the Attorney General to answer the lawsuit on Karriker's behalf because the Attorney General has accepted the job of representing Karriker by filing the amicus notice.

Bagby's objections are without merit. The advisory filed by the Attorney General states that Karriker is in basic training in Fort Benning, Georgia, with the intent of becoming a paratrooper, which the Magistrate Judge correctly determined would materially affect his defense of the lawsuit. The fact that the Attorney General filed an amicus advisory does not show that the Attorney General is representing Karriker; such representation would require that Karriker execute a waiver of service, and there is no indication that this has been done. The Magistrate Judge did not err in recommending that the lawsuit be stayed pursuant to the Soldiers and Sailors Relief Act.

The Court has conducted a careful *de novo* review of the pleadings in this cause and the Report of the Magistrate Judge. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 39) is ADOPTED as the opinion of the district court. It is further

ORDERED that the above-styled civil action be and hereby is ADMINISTRATIVELY CLOSED and placed on an inactive docket for administrative and statistical purposes. This case shall be reopened at such time as the Defendant Jerry Karriker is no longer in military service or is otherwise in a position where his military service will not materially affect his defense of the lawsuit.

2

This administrative and statistical closing of the lawsuit shall not prejudice the rights of the Plaintiff or the Defendant to proceed with this cause at such time as is practical. It is further

ORDERED that should the Attorney General receive information that Karriker has returned from military service or is deployed within the State of Texas, the Attorney General shall forthwith notify the Court of this fact and shall file an answer on Karriker's behalf, or notify the Court that consent for representation has not been given. In this event, the Attorney General shall make every reasonable effort to secure consent for representation. It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED. Finally, it is

ORDERED that no motions or other documents may be filed in this case, until such time as the case is reopened, except for notices of changes of address, a motion for voluntary dismissal of the lawsuit, notice by the Plaintiff that the Defendant has returned from military service or is deployed within the State of Texas, or a notification or answer from the Attorney General as set out above. Any other motions or other documents may be returned by the Clerk unfiled or stricken from the docket.

**So ORDERED and SIGNED this 29th day of November, 2012.**

_____
LEONARD DAVIS
UNITED STATES DISTRICT JUDGE