IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| KIRK MARTIN BAGBY #1582340 | § | |
| v. | § | CIVIL ACTION NO. 6:12cv266 |
| JERRY KARRIKER, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Kirk Bagby, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights in the Texas Department of Criminal Justice, Correctional Institutions Division. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. As Defendants, Bagby named Sgt. Jerry Karriker, Officer Francine Soukup, counsel substitute Regina Oliver, Warden Todd Foxworth, and TDCJ-CID Director Rick Thaler; of these, all except for Karriker have been previously dismissed.

Bagby complained of a use of force incident which occurred at the Michael Unit on December 22, 2011. As a result of this case, Bagby received a disciplinary case for assaulting Sgt. Karriker, a contention which he says was false. After an evidentiary hearing, Karriker was ordered to answer the lawsuit and the remaining defendants were dismissed,

Sgt. Karriker has filed a motion for summary judgment arguing that Bagby failed to exhaust his administrative remedies on the use of force claim. Karriker states that Bagby did exhaust his administrative remedies concerning the disciplinary case by filing Step One and Step Two grievances, but that he only filed a Step One grievance concerning the use of force itself. Bagby filed

1

a response to this motion arguing that he exhausted his administrative remedies on all of his claims through his grievances on the disciplinary case.

After review of the pleadings and the summary judgment evidence, the Magistrate Judge issued a Report recommending that the motion for summary judgment be granted. The Magistrate Judge set out the text of the grievances which Bagby filed, both grievance no. 2012075821 (referred for convenience as grievance no. 821), which concerned the use of force, and grievance no. 2012075838 (referred to for convenience as grievance no. 838), which concerned the disciplinary case. The Magistrate Judge observed that Bagby did not file a Step Two appeal of grievance no. 821, but that he did appeal grievance no. 838. The Magistrate Judge also noted that the appeal of grievance no. 838, the disciplinary case, contended only that Bagby's counsel substitute did not perform her duties properly, which violated his right to due process.

Under Fifth Circuit authority, the Magistrate Judge stated that inmates must pursue their claims through both steps of the grievance procedure; they may not bring new claims at the Step Two level but must present their claims at both the Step One and Step Two levels. Randle v. Woods, 299 Fed.Appx. 466, 2008 WL 4933754 (5th Cir., November 19, 2008); Johnson v. Johnson, 385 F.3d 503, 515 (5th Cir. 2004). The Fifth Circuit has recently held that "district courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint." Gonzalez v. Seal, 702 F.3d 785, 788 (5th Cir. 2012).

In this case, as the Magistrate Judge said, Bagby filed two separate grievances. One of these concerned the use of force itself, and the other concerned the disciplinary case which he received. Only the grievance on the disciplinary case was appealed to Step Two, so only this grievance was exhausted. Bagby's contention that this grievance encompassed all of his claims is without merit; while the Step One grievance on the disciplinary case did allude to the use of force, the Step Two appeal made no mention of it, but focused solely on Bagby's complaint that his counsel substitute did not do her job properly. As a result, this appeal did not give the Step Two grievance personnel a "fair opportunity" to consider his claim that excessive force was used against him, because his Step

Two grievance made no mention of such a complaint. *See* Johnson, 385 F.3d at 522 (stating that a grievance "must provide administrators with a fair opportunity to address the problem that will later form the basis of the suit.") Bagby's contention that his Step Two grievance exhausted all of his claims is incorrect, and the Magistrate Judge properly concluded that Bagby failed to exhaust his administrative remedies on his use of force claim.

In his motion for summary judgment, Sgt. Karriker asserted that Bagby's disciplinary conviction was not a claim in this lawsuit. However, as the Magistrate Judge observed, the Defendant's summary judgment motion acknowledged that "Plaintiff further alleges that Karriker then wrote him a false disciplinary case." The Magistrate Judge thus determined that Bagby did in fact raise a claim that he had received a false disciplinary case from Karriker, not merely the excessive force claim. Although it was doubtful that Bagby had actually exhausted the claim that Karriker wrote him a false disciplinary case, given the fact that his Step Two appeal focused on the actions of his counsel substitute rather than Sgt. Karriker, the Magistrate Judge noted that Karriker did not raise a claim of failure to exhaust with regard to this issue. Accordingly, the Magistrate Judge assumed, without deciding, that Bagby's false disciplinary claim had been exhausted.

In reviewing this claim on the merits, the Magistrate Judge determined that Bagby failed to show that he was denied due process because the punishments imposed on him did not implicate any constitutionally protected liberty interests. In addition, the assertion that defendants brought false disciplinary charges against a prisoner does not by itself implicate any constitutionally protected rights. Thus, the Magistrate Judge concluded that while Bagby's claim of false disciplinary action by Karriker may have been exhausted, this claim was frivolous and failed to state a claim upon which relief may be granted.

In his objections to the Magistrate Judge's Report, Bagby reiterates his claims that Sgt. Karriker used excessive force on him and wrote him a false disciplinary case. He again says that grievance on his disciplinary case was filed on the case as a whole, even though he concedes that the Step Two grievance focused on the performance of his counsel substitute. Bagby argues that "the

3

deprivation of a liberty interest effected by the finding of guilty, and due process is satisfied when inmates are given an opportunity in accordance with Wolff v. McDonnell, 418 U.S. 539 (1974) to rebut the charges at the disciplinary hearing." In this case, Bagby contends that he was never afforded the opportunity to rebut the accused disciplinary offense because he was not notified that he was charged with assaulting an officer.

Bagby's objections are without merit. The grievances which he filed are plainly insufficient to exhaust his claim that Sgt. Karriker used excessive force on him. He has failed to show a denial of due process in the fact that Sgt. Karriker allegedly wrote him a false disciplinary case; although he argues that he did not receive notice of the case, he does not show how Sgt. Karriker was involved with this; his Step Two grievance indicates that it was the responsibility of his counsel substitute, not Sgt. Karriker, to inform him of the charges. Bagby also fails to show that any failure to receive notice of the charges which might have been brought about by someone other than Sgt. Karriker renders Karriker's actions a constitutional violation. *See* Palmisano v. Bureau of Prisons, 258 Fed.Appx. 646, 2007 WL 4372800 (5th Cir., December 11, 2007) (stating that the assertion that the defendants brought false charges against him does not alone implicate his constitutional rights, *citing* Castellano v. Fragozo, 352 F.3d 939, 953-54 (5th Cir. 1988)). Bagby has failed to show any valid basis upon which to reject the recommendations of the Magistrate Judge.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the Defendant's motion for summary judgment, the Plaintiff's response thereto, the summary judgment evidence, the Report of the Magistrate Judge, the Plaintiff's objections thereto, and all other pleadings, records, and evidence in the case. Upon such *de novo* review, the Court has concluded the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 71) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Defendant's motion for summary judgment (docket no. 63) is hereby GRANTED as to all of the Plaintiff's claims against Sgt. Karriker except for the claim concerning the allegedly false disciplinary case given to the Plaintiff by Sgt. Karriker. It is further

ORDERED that the Plaintiff's claim concerning the allegedly false disciplinary case which he received from Sgt. Karriker is hereby DISMISSED with prejudice as frivolous and for failure to state a claim upon which relief may be granted. These being the only claims remaining in the lawsuit, it is hereby

ORDERED that the above-styled civil rights lawsuit be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Clerk shall send a copy of this order to the Administrator of the Strike List for the Eastern District of Texas. Finally, it is

ORDERED that any and all motions which may be pending in this cause are hereby DENIED.

**So ORDERED and SIGNED this 16th day of April, 2013.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**